**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER MARIE LEWIS, individually, and on behalf of all others similarly situated, | Case No. 15-cv-3646 |
| *Plaintiff*, | |
| v. | |
| AMERICAN INTERCONTINENTAL UNIVERSITY, INC., a Georgia corporation, and AIU ONLINE, LLC, a Delaware limited liability company, | |
| *Defendants*. | |

## CLASS ACTION COMPLAINT

Plaintiff Jennifer Marie Lewis brings this Class Action Complaint against Defendants American Intercontinental University, Inc., and AIU Online, LLC (together, "Defendants") to stop Defendants' practice of making unsolicited phone calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendants American Intercontinental University, Inc., and AIU Online, LLC jointly operate a private, for-profit online university.

2. In an effort to solicit potential students for its online university, Defendants began making telephone calls, *en masse*, to consumers across the country.

3. Indeed, Defendants repeatedly made (or directed to be made on their behalf)

unsolicited telephone calls to Plaintiff's and the other members of the putative Class's cellular telephones for the express purpose of promoting their private, for-profit online university, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

4.      By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls and the monies paid to their wireless carriers for the receipt of such telephone calls.

5.      The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6.      Plaintiff Jennifer Marie Lewis is a natural person and citizen of the State of Illinois.

7.      Defendant American Intercontinental University, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 231 North Martingale Road, Schaumburg, Illinois 60173. American Intercontinental University, Inc., regularly does business throughout the United States, the State of Illinois, and in this District.

8.      Defendant AIU Online, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 231 North Martingale Road, Schaumburg, Illinois 60173. AIU Online, LLC regularly does business

throughout the United States, the State of Illinois, and in this District.

## JURISDICTION AND VENUE

9.     The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331,

as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

*seq.,* which is a federal statute.

10.     The Court has personal jurisdiction over Defendants because they reside in this

District, conduct business in this District, and the unlawful conduct alleged in the Complaint

occurred in, was directed to, and/or emanated from this District.

11.     Venue is proper in this District because Defendants reside in this District, and the

unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from

this District.

## COMMON FACTUAL ALLEGATIONS

### The Telephone Consumer Protection Act

12.     The Telephone Consumer Protection Act was passed by the United States

Congress in 1991 and is codified as 47 U.S.C. § 227. The TCPA limits the use of automatic

telephone dialing systems, artificial or pre-recorded voice messages, SMS text messages, and

faxes.

13.     Specifically, with respect to calls made to cellular telephones, the TCPA prohibits

the use of any automated telephone dialing system or any artificial or prerecorded voice unless

the recipient expressly consents to the receipt of such calls on his/her/its cellular telephone.

14.     According to the Federal Communications Commission—the agency tasked with

promulgating the implementing regulations of the TCPA—to be considered *"express consent,"*

such consent must: (i) be in writing; (ii) be signed by the person providing the consent; (iii)

3

specify the telephone number to which the person is consenting to be called; and (iv) clearly authorize the calling party to use an automated dialing system or prerecorded voice. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* FCC Report and Order, CG Docket No. 02-278 (Feb. 15, 2012) ~ 33, Appendix A, at 34.

**Defendants Call Consumers Without Consent to Promote Their Online University**

15.     Defendants jointly operate an online based, for-profit university that purports to offer specialized degree programs to working professionals.[1] And in an effort to promote their for-profit online university, Defendants placed (and continue to place) phone calls to consumers, *en masse*. Defendants place these calls from (309) 340-9303 and (309) 839-4094, among other phone numbers. Placing a call to either (309) 340-9303 or (309) 839-4094 will connect directly to Defendants' telemarketers.

16.     Unfortunately, Defendants have called consumers that never provided consent to receive calls and who do not have any relationship with Defendants. That is, consumers receiving Defendants' telemarketing calls did not provide Defendants with their phone numbers. Instead, Defendants obtained consumers' telephone numbers (*i.e.*, leads) by purchasing marketing lists.

17.     Defendants then utilized an automatic telephone dialing system to make the calls at issue. Specifically, the hardware and software used by Defendants has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer,

---

[1] *Online College Degree Programs & Courses | AIU*, www.aiuniv.edu (last visited Apr. 20, 2015).

meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

18.     Defendants knowingly made these telemarketing calls without the prior express consent of the call recipients. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA with impunity.

## FACTUAL BACKGROUND AS TO PLAINTIFF LEWIS

19.     Plaintiff Lewis does not have a relationship with Defendants, has never submitted her telephone number to Defendants, or requested that Defendants call her or offer her their services. Simply put, Plaintiff has never provided her prior express consent to Defendants to place calls to her cellular telephone. In addition, Plaintiff is not looking to attend any online university, nor is she in the market for a new job.

20.     Yet, from April 4, 2015 to April 9, 2015, Defendants called Plaintiff's cellular telephone at least 24 times from the phone numbers (309) 340-9303 and (309) 839-4094, ostensibly to market their online university to her.

21.     When Plaintiff answered some of the calls, the other end of the line was silent for a moment before Plaintiff heard a "beep" sound. Hearing the silence and the beep, (and because she received a large number of calls in a short time span), Plaintiff believed Defendants were calling her using an automatic telephone dialing system (*i.e.*, an ATDS).

22.     On behalf of herself and a putative Class, Plaintiff seeks an injunction requiring Defendants to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2)

and 23(b)(3) on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States (1) who received a telephone
> call; (2) on a cellular telephone number; (3) made using an automatic
> telephone dialing system; (4) promoting Defendants' products or services;
> (5) for whom Defendants have no record of consent to place telemarketing
> calls promoting Defendants' products or services to him or her; (6) since
> October 16, 2013.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over

this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents,

successors, predecessors, and any entity in which the Defendants or their parents have a

controlling interest and its current or former employees, officers and directors; (3) persons who

properly execute and file a timely request for exclusion from the Class; (4) persons whose claims

in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's

counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of

any such excluded persons.

24.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff

at this time, but it is clear that individual joinder is impracticable. On information and belief,

Defendants have made telephone calls to thousands of consumers who fall into the definitions of

the Class. Members of the Class can be identified through Defendants' records.

25.     **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Class, and she has retained counsel competent and experienced in

complex class actions. Plaintiff has no interests antagonistic to those of the Class, and

Defendants have no defenses unique to Plaintiff.

26.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

27.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a.      Whether Defendants' conduct constitutes a violation of the TCPA;

b.      Whether the equipment Defendants used to make telephone calls to members of the Class was an automatic telephone dialing system as contemplated by the TCPA;

c.      Whether Defendants systematically made telephone calls to members of the Class who did not previously provide Defendants with their prior express consent to receive such telephone calls; and

d.      Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

28.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would

increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violations Of The TCPA 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On behalf of Plaintiff and the Class)**

29.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30.     Defendants and/or their agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Class without their prior express consent to receive such calls.

31.     Defendants made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

32.     Defendants and/or their agents utilized equipment that made, or had made on their behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendants dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

33.     By making, or having made on their behalf, the unsolicited telephone calls to Plaintiff's and the Class members' cellular telephones without their prior express consent, and by

utilizing an automatic telephone dialing system to make those calls, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

34.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under 47 U.S.C. § 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

35.     Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Marie Lewis, individually and on behalf of the Class, prays for the following relief:

1.     An order certifying the Class as defined above, appointing Plaintiff Jennifer Marie Lewis as the representative of the Class as stated above, and appointing her counsel as Class Counsel;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendants to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 24, 2015

Respectfully Submitted,

**JENNIFER MARIE LEWIS**, individually and on behalf of a Class of similarly situated individuals,

By:   /s/ Ari J. Scharg
               One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
Alicia Hwang
ahwang@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

W. Craft Hughes*
craft@hughesellzey.com
Jarrett L. Ellzey*
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335

* *Pro hac vice* admission to be sought

*Counsel for Plaintiff Lewis and the Putative Class*