**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| JENNIFER MARIE LEWIS, individually and on behalf of all others similarly situated, | Case No. 15-cv-3646 |
| *Plaintiff,* | |
| *v.* | |
| AMERICAN INTERCONTINENTAL UNIVERSITY, INC., a Georgia corporation, and AIU ONLINE, LLC, a Delaware limited liability company, | |
| *Defendants*. | |

**PLAINTIFF'S MOTION FOR AND MEMORANDUM
IN SUPPORT OF CLASS CERTIFICATION**

Plaintiff Jennifer Marie Lewis, by and through her undersigned counsel, hereby

respectfully moves the Court for an Order certifying this case as a class action pursuant to

Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3), but requests that the Court enter and

continue the motion until after the completion of discovery on class-wide issues, at which time

Plaintiff will submit a more detailed memorandum of points and authorities in support of class

certification.[1]

---

[1]     Plaintiff files this motion at the outset of litigation to prevent Defendants American
Intercontinental University, Inc., and AIU Online, LLC from attempting a so-called "buy off" to
moot her representative claims (*i.e.*, tendering to her the full amount of her individual damages
alleged in her Class Action Complaint and Demand for Jury Trial). *See* Dkt. 1; *see also Damasco
v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to
certify the class at the same time that they file their complaint. The pendency of that motion
protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet
to fully develop the facts needed for certification, then they can also ask the district court to
delay its ruling to provide time for additional discovery or investigation.").

## I.   INTRODUCTION

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits, among other things, the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...." 47 U.S.C. § 227(b)(l)(A). The TCPA defines an "automatic telephone dialing system" (or "ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (8) to dial such numbers[,]" 47 U.S.C. § 227(a)(1), and the FCC has clarified that this includes any equipment with the capacity to dial numbers without human intervention. *Griffith.* v. *Consumer Portfolio Serv., Inc.,* 838 F. Supp. 2d 723, 726-27 (N.D. Ill. 2011).

In this case, Plaintiff alleges that Defendants American Intercontinental University, Inc., and AIU Online, LLC (together, "Defendants") caused telephone calls to be made to Plaintiff and the putative Class without their prior express consent and with an ATDS to promote their private, for-profit online university. Plaintiff has alleged that Defendants' unsolicited telephone calls violate the TCPA, and seeks relief on behalf of herself and a putative Class. As discussed further herein, the Class meets each of the requisites to certification under Federal Rules 23(a), (b)(2), and (b)(3), and the instant motion should be granted in its entirety.

## II.   FACTUAL BACKGROUND

### A.   Facts Applicable to All Members of the Putative Class

Defendants jointly operate an online based, for-profit university that purports to offer specialized degree programs to working professionals. (Compl. ¶ 15.) In an effort to promote their online university, Defendants placed (and continue to place) phone calls to consumers, *en masse*. (*Id.*)

Unfortunately, Defendants have called consumers that never provided consent to receive calls and who do not have any relationship with Defendants. (*Id.* ¶ 16.) That is, consumers receiving the telemarketing calls have not provided Defendants with their phone numbers. (*Id.*) Instead, Defendants obtained consumers' telephone numbers (*i.e.*, leads) by purchasing marketing lists. (*Id.*)

Defendants then utilized an automatic telephone dialing system to make the calls at issue. (*Id.* ¶ 17.) Specifically, the hardware and software used by Defendants has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. (*Id.*) Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest. (*Id.*)

Defendants knowingly made these telemarketing calls without the prior express consent of the call recipients. (*Id.* ¶ 18.) In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA with impunity. (*Id.*)

## B.      Facts Applicable to Plaintiff Lewis

Plaintiff Lewis does not have a relationship with Defendants, has never submitted her telephone number to Defendants, or requested that Defendants call her or offer her their services. (*Id.* ¶ 19.) Simply put, Plaintiff has never provided her prior express consent to Defendants to place calls to her cellular telephone. (*Id.*)

Yet, from April 4, 2015 to April 9, 2015, Defendants called Plaintiff's cellular telephone

at least 24 times from the phone numbers (309) 340-9303 and (309) 839-4094 (telephone

numbers belonging to Defendants). (*Id.* ¶¶ 15, 20.)

When Plaintiff answered some of the calls, the other end of the line was silent for a

moment before Plaintiff heard a "beep" sound. (*Id.* ¶ 21.) The silence and the beep (in

conjunction with the number of calls she received in a short period of time) caused Plaintiff to

believe Defendants were calling her using an automatic telephone dialing system (*i.e.*, an

ATDS). (*Id.*)

On behalf of herself and a putative Class, Plaintiff seeks an injunction requiring

Defendants to cease all wireless telemarketing activities and an award of statutory damages to

the class members, together with costs and reasonable attorneys' fees. (*Id.* ¶ 22.)

## C.     The Proposed Class

As a result of Defendants' conduct described above, Plaintiff brought this lawsuit and

now seeks certification of a Class, defined as follows:

> **Class:** All individuals in the United States (1) who received a telephone call; (2)
> on a cellular telephone number; (3) made using an automatic telephone dialing
> system; (4) promoting Defendants' products or services; (5) for whom Defendants
> have no record of consent to place telemarketing calls promoting Defendants'
> products or services to him or her; (6) since October 16, 2013.[2]

(Compl. ¶ 23.) As demonstrated below, the proposed Class meets each of the prerequisites for

certification under Rule 23, and therefore the instant motion should be granted in its entirety.

---

[2]     The following people are excluded from the Class: (1) any Judge or Magistrate
presiding over this action and members of their families; (2) Defendants, Defendants'
subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or
their parents have a controlling interest and its current or former employees, officers and
directors; (3) persons who properly execute and file a timely request for exclusion from
the Class; (4) persons whose claims in this matter have been finally adjudicated on the
merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the
legal representatives, successors, and assigns of any such excluded persons.

### III. THE PROPOSED CLASS SATISFIES EACH OF THE PREREQUISITES FOR CERTIFICATION

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23. Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact amongst class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

In this case, Plaintiff seeks certification of the proposed Class under both Rule 23(b)(2) and 23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). Similarly, in order to certify a class under Rule 23(b)(3), there must be questions of law or fact common to the proposed class members, which predominate over any questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, "for purposes of considering a motion for class certification, the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated." *Anderson v. Cornejo*, 199 F.R.D. 228, 237 (N.D. Ill. 2000). Thus, courts are required to

analyze the allegations of the complaint and any evidence submitted by the parties with a presumption in favor of certification. *Id*.

As explained further below, the proposed Class in this case meets all of the requirements of Rules 23(a), (b)(2), and (b)(3), and therefore can be properly certified.

### A. The Numerosity Requirement is Satisfied.

Rule 23(a)'s first requirement—numerosity—is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no specific number required to satisfy numerosity, nor are plaintiffs required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). Generally, "[t]he court is permitted to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at *2 (N.D. Ill. 2004); *see also* 3 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* ¶ 7.20, 66 (4th ed. 2001).

Here, Plaintiff alleges—and discovery will show—that Defendants caused telephone calls to be made *en masse* to thousands of consumers' cellular telephone numbers to promote their online university. (Compl. ¶¶ 16, 17, 24); *see Heastie v. Comm. Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.").

Accordingly, the proposed Class satisfies the numerosity requirement.[3]

### B.      The Commonality Requirement is Satisfied.

Next, Rule 23(a) requires that "there are questions of law or fact common to the class."

Fed. R. Civ. P. 23(a)(2). To meet this commonality requirement, the representative plaintiff must

demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores,*

*Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S.

147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon

a common contention . . . of such a nature that it is capable of classwide resolution—which

means that determination of its truth or falsity will resolve an issue that is central to the validity

of each one of the claims in one stroke." *Id.* Commonality is present where a "common nucleus

of operative fact" exists, even if as to one question of law or fact, *Rosario v. Livaditis*, 963 F.2d

1013, 1018 (7th Cir. 1992), and is often found where "defendants have engaged in standardized

conduct toward members of the proposed class." *Whitten v. ARS Nat'l Servs. Inc.*, No. 00-cv-

6080, 2001 WL 1143238, at *3 (N.D. Ill. Sept. 27, 2001) (internal quotations omitted).

Ultimately, commonality is a relatively low and easily surmountable hurdle. *Scholes v. Stone,*

*McGure, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, all members of the proposed Class share common questions of both law and

fact. The common questions include: (1) whether Defendants used an ATDS to make the

telephone calls at issue; (2) whether Defendants systematically made telephone calls to members

of the Class who did not previously provide Defendants with their prior express consent to

receive such telephone calls; (3) Whether Defendants' calls constitute violations of the TCPA;

and (4) whether members of the Class are entitled to treble damages based on the willfulness of

---

[3]      To the extent the Court requires additional details regarding the number of members in
the Class, such information may be readily obtained through discovery and Defendants' records.

Defendants' conduct. (Compl. ¶ 27.)

Accordingly, the commonality requirement is met.

**C.      Plaintiff's Claims are Typical of the Class**

Typicality, the next requirement under Rule 23, requires that Plaintiff's claims be typical

of those of the other Class members. Fed. R. Civ. P. 23(a)(3). The typicality requirement is

closely related to the commonality requirement and is satisfied if a plaintiff's claims arise from

"the same event or practice or course of conduct that gives rise to the claims of other class

members and…are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*,

216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). Even the existence of factual

differences will not preclude a finding of typicality; the claims of a named plaintiff need only

share "the same essential characteristics" as those of the class. *Id.* Indeed, "[s]imilarity of legal

theory is more important than factual similarity. . . ." *Id.* (quoting *Harris v. City of Chi.*, Nos. 96-

cv-2406, 96-cv-7526, 1998 WL 59873, at \*5 (N.D. Ill. Feb. 9, 1998)).

In this case, Plaintiff and the proposed Class members were all uniformly subject to

Defendants' misconduct. That is, Defendants placed calls to all Class members using an ATDS

without first obtaining consent. (Compl. ¶23.) As a result of Defendants' misconduct, Plaintiff

and the other members of the Class suffered the same injuries (in the form of the violation of

their statutory rights under the TCPA) and are entitled to an identical calculation of statutory

damages (per call).

**D.      The Adequacy of Representation Requirement is Satisfied.**

Finally, Rule 23(a) requires that the representative parties have and will continue to

"fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor

requires that both a proposed class representative and his or her counsel have the ability to

"zealously represent and advocate on behalf of the class as a whole." *Maxwell*, 2004 WL
719278, at *5. The proposed class representative must not have claims that are "antagonistic or
conflicting…with other members of the class," and must have a "sufficient interest in the
outcome of the case to ensure vigorous advocacy." *Id.* (internal quotations omitted).
Additionally, proposed class counsel must be competent and have the resources necessary to
sustain the complex litigation necessitated by class claims. It is persuasive evidence that
proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*,
117 F.R.D. 394, 401 (N.D. Ill. 1987).

In this case, Plaintiff has the same interests as the proposed Class. In an attempt to solicit
students for their online university, Defendants called Plaintiff and each member of the putative
Class using an ATDS without first obtaining consent to do so—all in violation of the TCPA.
(Compl. ¶¶ 2, 3, 15-22.) Thus, Plaintiff suffered the same injury, has the same claims available to
her, and has no interests antagonistic to those of the Class. She will fairly and adequately protect
the interests of the Class, and her pursuit of the instant action demonstrates as much.

Similarly, proposed class counsel are well-respected members of the legal community
who have extensive experience in class actions of similar size, scope, and complexity to the
instant action. (*See* Declaration of Ari Scharg ["Scharg Decl."] at ¶ 4, a true and accurate copy of
which is attached as Exhibit 1; *see also* Firm Resume of Edelson PC, a true and accurate copy of
which is attached to the Scharg Decl. as Exhibit 1-A.) Proposed class counsel have regularly
engaged in major complex litigation involving consumer technology issues, have the resources
necessary to conduct litigation of this nature, and have frequently been appointed lead class
counsel by courts throughout the country. (*See* Scharg Decl. at ¶ 5.) To date, proposed class
counsel have also diligently investigated and dedicated substantial resources to the claims in this

action, and they will continue to do so throughout its pendency. (*Id.* at ¶ 6.)

As such, Plaintiff and her counsel have and will continue to adequately represent the Class, and Rule 23's adequacy requirement is met as well.

**E.      The Proposed Class Meets the Requirements of Rule 23(b)(2).**

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Class under Rules 23(b)(2) and (b)(3).

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate. . . ." *Brown v. Yellow Transp.*, *Inc.*, No. 08-cv-5908, 2011 WL 1838741, at *2 (N.D. Ill. 2011) (quoting Fed. R. Civ. P. 23(b)(2)). The requirement that the defendant act on grounds generally applicable to the 23(b)(2) class, like the whole of Rule 23, is to be liberally construed so as to favor the maintenance of class actions where appropriate. *See Yellow Transp.*, 2011 WL 1838741, at *2; *see also King v. Kansas City S. Indus.*, 519 F.2d 20, 26 (7th Cir. 1975)). Where a court finds that Rule 23(a)'s commonality requirement is met, the court should typically also find that the plaintiff has shown that the defendant acted on grounds generally applicable to the class as a whole. *See Lemon v. Intl. Union of Operating Eng'rs*, *Loc. No. 139, AFL-CIO*, 216 F.3d 577, 580 (7th Cir. 2000); *Yellow Transp.*, 2011 WL 183871, at *7.

There should be no question that Defendants acted on grounds generally applicable to the Class as a whole. Indeed, Defendants had a standardized practice of placing calls to each Class member to promote their online university using an ATDS and without first obtaining consent to do so. (Compl. ¶¶ 15–18.) In the end, Defendants' conduct did not vary significantly from Class

member to Class member and therefore, final injunctive relief would (and is necessary to) protect Plaintiff and the other members of the Class from such conduct in the future. As such, the requirements of Rule 23(b)(2) are met as well.

**F.     The Proposed Class Also Meets the Requirements of Rule 23(b)(3)**

Plaintiff seeks certification of the Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331–32 (N.D. Ill. 2006). As discussed below, this case readily meets both of these requirements.

i.     <u>Common Questions of Law and Fact Predominate</u>

Rule 23(b)(3)'s "predominance requirement looks to whether the proposed class is 'sufficiently cohesive' to warrant 'adjudication' by representation." *Williams-Green v. J. Alexander's Rests., Inc.*, 277 F.R.D. 374, 383 (N.D. Ill. 2011) (citing *Wal-Mart*, 131 S. Ct. at 2566). This inquiry requires courts to identify "the substantive issues that will control the outcome, assess[] which issues will predominate, and then determine whether the issues are common to the class." *Id.* (citing *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006)) (internal quotations omitted).

Here, the common questions set forth above are at the heart of this litigation. The claims of Plaintiff and all other members of the Class arise from Defendants' standardized conduct of making calls to their telephones, using the same automatic telephone dialing equipment, and never first obtaining consent to place the calls.

Moreover, the answers to these questions are necessarily subject to common proof,

11

primarily from information to be found within Defendants' own records. *See Wal-Mart*, 131 S.

Ct. at 2551 (2011) ("What matters to class certification . . . is not the raising of common

'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate

common answers apt to drive the resolution of the litigation."); *Schmidt v. Smith & Wollensky,*

*LLC*, 268 F.R.D. 323, 329 (N.D. Ill. 2010) (holding that the court must determine "whether

plaintiffs can, through individualized cases, offer proof on a class-wide basis."). That is,

evidence of the calls themselves, how Defendants made them, to what phone numbers they were

made, and how Defendants obtained those phone numbers will come from within Defendants'

own records. Thus, the only claims at issue in this case—Defendants' alleged violation of the

TCPA—simply will not require individual proof such that class treatment would be

inappropriate.[4]

   For all of these reasons, Rule 23(b)(3)'s predominance requirement is satisfied.

    ii. <u>The Class Action Mechanism is Superior to Other Available Methods for</u>
       <u>the Litigation of this Matter</u>.

   Finally, Rule 23(b)(3) requires that the class action mechanism be superior to the other

available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P

23(b)(3); *Fletcher*, 245 F.R.D. at 334. The instant class action is superior to other available

methods for the fair and efficient adjudication of Plaintiff's and the Class's claims.

   Absent class treatment in this case, each individual member of the Class would be

required to present the same or essentially the same legal and factual arguments, in separate and

duplicative proceedings, the result of which would be a multiplicity of trials conducted at

enormous expense to both the judicial system and the litigants. Such a result would be neither

---

[4] Additionally, records of the identity of each member of the putative Class will be within
Defendants' possession and control.

efficient nor fair to anyone, including Defendants. Moreover, there is no indication that members

of the Class have a strong interest in individual litigation, let alone any incentive to pursue their

claims individually, given the small amount of damages likely to be recovered relative to the

resources required to prosecute such an action. Furthermore, class certification will promote

consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is also satisfied.

## IV.     CONCLUSION

For the reasons stated above, and which will be borne out by discovery, this case is

appropriate for class certification. Accordingly, Plaintiff Jennifer Marie Lewis, individually and

on behalf of the proposed Class, respectfully requests that the Court: (1) enter and reserve ruling

on her motion for class certification; (2) allow for and schedule discovery to take place on class-

wide issues; (3) grant her leave to file an amended motion upon the conclusion of discovery

relating to certification issues; (4) grant her motion for class certification after full briefing; and

(5) provide all other and further relief that the Court deems reasonable and just.[5]

---

[5]     Plaintiff respectfully reserves the right to amend the definitions of the proposed Class and
Subclass at the conclusion of class-wide discovery, subject to Court approval.

Respectfully submitted,

**JENNIFER MARIE LEWIS**, individually and on behalf of all others similarly situated,

Dated: April 24, 2015

By: /s/ Ari J. Scharg
          One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
Alicia Hwang
ahwang@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

W. Craft Hughes*
craft@hughesellzey.com
Jarrett L. Ellzey*
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335

* *Pro hac vice* admission to be sought

*Counsel for Plaintiff Lewis and the Putative Class*

14