**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER MARIE LEWIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERCONTINENTAL UNIVERSITY, INC. a Georgia corporation, and AIU ONLINE, LLC, a Delaware limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:15-CV-03646<br><br>Honorable Judge Edmond E. Chang |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS IN PLAINTIFF'S COMPLAINT**


Terance A. Gonsalves
Dawn M. Canty
Carrie M. Stickel
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
(312) 902-1061 (Fax)

*Counsel for Defendants*
*American InterContinental University, Inc., and AIU Online, LLC*


June 12, 2015

**TABLE OF CONTENTS**


I. Introduction .................... 1

II. Background .................... 2

III. Legal Standard .................... 3

IV. Argument .................... 4

A. Plaintiff's Proposed Class Is an Impermissible Fail-Safe Class. .................... 4

B. Individualized Issues of Express Consent Overwhelm Common Issues of Law or Fact. .................... 7

C. The Proposed Class Cannot Be Certified Under Rule 23(b)(2). .................... 10

V. Conclusion .................... 11

Defendants American InterContinental University, Inc., and AIU Online, LLC (collectively, "AIU" or "Defendants"), by and through their attorneys, Katten Muchin Rosenman LLP, and pursuant to Federal Rule of Civil Procedure 23, hereby submit their Memorandum of Law in Support of their Motion to Strike Class Action Allegations in Plaintiff's Complaint.

## I. Introduction

Jennifer Marie Lewis ("Plaintiff") asserts a single claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, for a series of calls she alleges were made by AIU for the purpose of promoting its proprietary, online university. Plaintiff alleges that "[b]y making, or having made on their behalf, the unsolicited telephone calls to Plaintiff's and the Class members' cellular telephones without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii)." (Compl. ¶ 33.) Based on these alleged violations, Plaintiff seeks damages on her own behalf and on behalf of a nationwide putative class.

However, Plaintiff's proposed class is an impermissible fail-safe class. Whether an individual qualifies as a member of Plaintiff's proposed class depends on whether he/she has a valid claim and, specifically, whether a potential class member consented to be called by AIU. If a potential member did consent, he/she does not have a valid claim under the TCPA, is not a member of the class, and would not be bound by any judgment. The Seventh Circuit and other federal courts around the country have specifically rejected such proposed classes. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012).

Additionally, Plaintiff's allegations exemplify the central and highly individualized issues inherent in the "prior express consent" inquiries that are necessitated by the TCPA and thus make Plaintiff's claim unsuitable for class treatment. Indeed, the TCPA expressly provides that

exceptions to liability include those telephone calls "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Accordingly, it follows that each putative class member's claim will rise or fall on whether he/she provided his/her express consent for AIU to call him/her. Because the issue of prior express consent cannot possibly be resolved without conducting individualized inquiries, this matter is not amenable to class treatment under Rule 23(b)(3).

Lastly, Plaintiff cannot meet the class certification requirements of Rule 23(b)(2) because the final relief sought in this matter relates exclusively or predominately to money damages.

For all of these reasons,[1] AIU respectfully requests that this Court strike the class action allegations in Plaintiff's Complaint.

## II. Background

Plaintiff alleges that she "has never provided her prior express consent to Defendants to place calls to her cellular telephone." (Compl. ¶ 19.) She further alleges that "from April 4, 2015 to April 9, 2015, Defendants called Plaintiff's cellular telephone at least 24 times." (*Id.* ¶ 20.) Plaintiff claims that when she answered some of the calls, the other end of the line was silent for a moment before she heard a "beep" sound. (*Id.* ¶ 21.) Because Plaintiff allegedly heard silence and a beep, and because she claims to have received at least 24 telephone calls between April 4, 2015 and April 9, 2015, Plaintiff alleges her belief that AIU's calls were made using an automatic telephone dialing system. (*Id.*)

Without more, Plaintiff alleges that AIU made telephone calls, "*en masse*," to consumers across the country. (*Id.* ¶¶ 2, 15.) Plaintiff further claims in equally conclusory fashion that AIU

[1] This case is not amenable to class certification for several other reasons. However, since those other reasons are not necessarily apparent from the Complaint, AIU reserves its rights to raise additional defenses and arguments should this case progress to where Plaintiff files a fully developed motion for class certification.

made unsolicited telephone calls to the cellular telephones of Plaintiff and other members of a putative class for the purpose of promoting their online university. (*Id.* ¶ 3.) Plaintiff also alleges that AIU called consumers who never consented to receive calls from AIU and who did not provide their telephone numbers to AIU. (*Id.* ¶ 16.) According to Plaintiff, AIU obtained consumers' telephone numbers by purchasing marketing lists (*id.*) and made telemarketing calls without the prior express consent of the call recipients. (*Id.* ¶ 18.)

Based on the foregoing, Plaintiff seeks to represent the following class of individuals:

> All individuals in the United States (1) who received a telephone call; (2) on a cellular telephone number; (3) made using an automatic telephone dialing system; (4) promoting Defendants' products or services; (5) for whom Defendants have no record of consent to place telemarketing calls promoting Defendants' products or services to him or her; (6) since October 16, 2013.

(*Id.* ¶ 23.)

Plaintiff's class allegations should be stricken because (1) the class Plaintiff seeks to represent is an impermissible fail-safe class consistently prohibited by the courts; (2) the individualized issues of consent present in this matter will predominate over common questions of law or fact; and (3) Plaintiff cannot meet the class certification requirements of Rule 23(b)(2) since the final relief sought in this matter relates exclusively or predominately to money damages. As such, Plaintiff's class claims should be stricken from the Complaint.

## III. Legal Standard

Pursuant to Rule 23(c)(1)(A), "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A); *see also Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) (motions to strike class allegations are evaluated under Rule 23 and not Rule 12(f)). The text of Rule 23 "plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will

be unable to satisfy Rule 23." *Hill*, 946 F. Supp. 2d at 829. Indeed, "[t]he Supreme Court has recognized as much: 'Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . .'" *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). "Particularly when pleadings 'are facially defective and definitively establish that a class action cannot be maintained,' the court can properly grant a motion to strike class allegations at the pleading stage." *Wolfkiel v. Intersections Ins. Servs., Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014) (quoting *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010)). As such, Rule 23(c)(1)(A) allows courts to strike class allegations without permitting discovery or waiting for a certification motion.

Accordingly, class claims should not be permitted to proceed in a case such as this where the barebones allegations of the Complaint are wholly insufficient to permit the case to proceed as a class action. Rather, the class allegations should be stricken to avoid the needless waste of time and expense on the part of the Court and both parties. In certain instances, as here, "the complaint . . . make[s] it clear that class certification is inappropriate." *Hill*, 946 F. Supp. 2d at 829 (striking class claims at pleadings stage); *Wolfkiel*, 303 F.R.D. at 293 (striking TCPA class claims at the pleadings stage); *Bohn v. Boiron*, No. 11 C 08704, 2013 WL 3975126, at *10 (N.D. Ill. Aug. 1, 2013) (striking class claims at the pleadings stage); *Brady v. Boehringer Ingelheim Pharm., Inc.*, 525 F. Supp. 2d 1034, 1039 (N.D. Ill. 2007) (same).

## IV. Argument

### A. Plaintiff's Proposed Class Is an Impermissible Fail-Safe Class.

Plaintiff's class allegations must be stricken because Plaintiff seeks to represent an impermissible fail-safe class. A fail-safe class is "one that is defined so that whether a person

qualifies as a member depends on whether the person has a valid claim. Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Messner*, 669 F.3d at 825 (citing *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) (fail-safe class definition was one of two grounds for decertifying class).

Courts across the country routinely strike putative TCPA class actions upon a defendant's motion to strike class claims where the proposed class is a fail-safe class. *See, e.g.*, *Boyer v. Diversified Consultants, Inc.*, No. 14-cv-12339, 2015 WL 1941335, at *4 (E.D. Mich. April 20, 2015) (striking impermissible fail-safe class allegations); *Zarichny v. Complete Payment Recovery Servs., Inc.*, No. 14-3197, 2015 WL 249853, at *13 (E.D. Pa. Jan. 21, 2015) (granting motion to strike TCPA fail-safe class allegations); *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *9 (S.D. Ohio May 7, 2014) (granting motion to strike TCPA class allegations of a fail-safe class); *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-cv-221 (CEJ), 2013 WL 275568, at *4 (E.D. Mo. Jan. 24, 2013) (same).

For example, in *Sauter*, the court granted defendant's motion to strike class claims finding that plaintiff's proposed class and two subclasses consisted solely of persons who could establish that the defendant violated the TCPA. 2014 WL 1814076, at **8–9. The plaintiff in *Sauter* sought to represent a class that included individuals "who did not provide prior express consent for such calls." *Id.* at *8. The court reasoned that:

> If the Plaintiff successfully demonstrates that the Defendant made calls using an ATDS or an artificial or prerecorded voice to the class members' cell phones without the class members' prior express consent, then the class members win. However, if the Plaintiffs are unsuccessful in meeting their burden of proof, the class does not exist and the class is not bound by the judgment in favor of the Defendant. This is the definition of a prohibited fail-safe class.

*Id.* at *9 (citing 47 U.S.C. § 227(b)(1)(A)(iii)) (internal citation omitted).

Here, Plaintiff's proposed class suffers from the same fatal flaw. Because the class includes only those individuals "for whom Defendants have no record of consent to place telemarketing calls promoting Defendants' products or services to him or her" (Compl. ¶ 23), the proposed class "consist[s] solely of persons who can establish that [D]efendant[s] violated the TCPA." *Sauter*, 2014 WL 1814076, at *9. Therefore, Plaintiff's putative class is a prohibited fail-safe class.

This case is distinguishable from Judge James B. Zagel's decision in *Wolfkiel*, the only reported Northern District of Illinois decision that has ruled on the merits regarding an alleged fail-safe class under the TCPA, where he found that an alleged "No-Consent Class" did not qualify as a fail-safe class. In *Wolfkiel*, the plaintiff brought a TCPA class action on behalf of a putative "No-Consent Class" which included those individuals who never consented to receive telemarketing calls. 303 F.R.D. at 292. Defendants moved to strike the No-Consent Class as an impermissible fail-safe class. However, Judge Zagel was "not yet persuaded that the No-Consent Class qualifie[d] as a fail-safe class" because it was "not clear to [the court] that this class definition creates a situation where membership in the class is dependent upon the validity of a putative member's claim." *Id.* at 294.

In that case, "all of the putative class members purchased a product from one seller and then allegedly received calls from another seller about an entirely different product." *Id.* Therefore, Judge Zagel found that the customer list used to call the putative class members established that none of the putative class members consented to be solicited. *Id.* As such, no fail-safe class existed as all members of the putative class did not consent to receive the telemarketing calls at issue.

Here, Plaintiff does not allege that evidence of consent—or the lack thereof—can be ascertained from a single leads list or other generalized proof. Plaintiff alleges that AIU obtained consumers' telephone numbers by purchasing marketing lists (Compl. ¶ 16), but does not allege—and nor could she—that every consumer on the marketing lists had not consented to receive telemarketing calls from AIU. As such, the reasoning in *Wolfkiel* is inapplicable.

Rather, evidence of consent for Plaintiff or any given putative class member would establish that any telemarketing calls to that individual were lawful and that individual would be excluded from the proposed class and therefore would not be bound by any final judgment. Therefore, Plaintiff's proposed class only consists of individuals who are entitled to relief and Plaintiff's class allegations should be stricken from the Complaint as an impermissible fail-safe class.

### B. Individualized Issues of Express Consent Overwhelm Common Issues of Law or Fact.

Plaintiff's class allegations also should be stricken because Plaintiff cannot satisfy Rule 23(b)(3)'s predominance requirement. Rule 23(b)(3) requires, among other things, that "the questions of law or fact common to class members predominate over any questions affecting only individual members . . . ." Fed. R. Civ. P. 23(b)(3). This requirement is satisfied only when "common questions represent a significant aspect of [a] case and . . . can be resolved for all members of [a] class in a single adjudication." *Messner*, 669 F.3d at 815. However, where the claims of each class member require individualized proof, the class fails the requirements of Rule 23(b)(3) and cannot be certified. *Clark v. Experian Info. Solutions, Inc.*, 256 F. App'x 818, 821 (7th Cir. 2007) (affirming the district court's denial of class certification where class claims required individualized proof).

Under the TCPA, a telephone call recipient who has expressly consented to receive the call about which she complains does not have an actionable claim. 47 U.S.C. §227(b)(1)(A). Further, "a plaintiff must offer a method of 'generalized proof to establish liability with respect to the class' in order to satisfy Rule 23(b)(3)." *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 237 (S.D. Ill. 2011) (denying TCPA class certification where individualized issues of consent predominated). But in TCPA cases, the question of whether individualized issues predominate is necessarily a fact-specific one. *G.M. Sign, Inc. v. Brink's Mfg. Co.*, No. 09-cv-5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011) (denying certification of TCPA class based on issues of individualized consent); *Wolfkiel*, 303 F.R.D. at 293-94 (striking TCPA class claims because "individualized inquiries would inevitably predominate"); *Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 399-400 (D. Colo. 2014) (denying class certification where individual issues of consent predominate); *Balschmiter v. TD Auto Finance LLC*, 303 F.R.D. 508, 528 (E.D. Wis. 2014) (individual issues predominate where court concluded that the case would "devolve into a series of 'mini-trials' regarding consent"); *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 577 (S.D. Cal. 2013) (explaining that while TCPA actions are "not 'per se' unsuitable for class resolution, class certification is warranted only when the 'unique facts' of a particular case indicate that individual adjudication of the pivotal element of prior express consent is unnecessary"); *Southwell v. Mortgage Investors Corp. of Ohio, Inc.*, No. C13-1289 MJP, 2014 WL 3956699, at *6 (W.D. Wash. Aug. 12, 2014) (denying class certification and finding "that the issue of consent cannot be resolved on a class wide basis, but would instead require individual inquiries"); *Gannon v. Network Tel. Servs., Inc.*, No. 12-9777, 2013 WL 2450199, at *3 (C.D. Cal. June 5, 2013) (denying certification of TCPA claims because consent turned on individualized inquiry and the court "would have to hold 'mini-trials'

to determine who received unauthorized text messages"); *Lindsay Transmission*, 2013 WL 275568, at *5 (striking class allegations in TCPA case because determining class membership would require "the kind of individualized determination[]—the absence of prior consent . . . —precluded by Rule 23").

Here, Plaintiff's allegations compel the conclusion that individualized issues overwhelm common issues. Plaintiff's proposed class includes only individuals "for whom Defendants have no record of consent to place telemarketing calls promoting Defendants' products or services to him or her." (Compl. ¶ 23.) Plaintiff's allegation regarding AIU's alleged marketing lists (*id.* ¶ 16) does not assert that every consumer on the marketing lists failed to consent to receive telemarketing calls from AIU. Plaintiff also has not alleged that any other generalized proof would establish the existence of absence of consent regarding each class member. Instead, the parties and the Court would be forced to examine AIU's records for each putative class member to determine whether each putative class member had consented to be called by AIU.

The telephone calls at issue here are distinguishable from, for example, a TCPA fax case in which defendant's method of advertising may render individualized consent a non-issue. So, if a defendant "took no steps to obtain or verify consent but rather just broadcast advertisements to the recipients . . . consent is highly unlikely to be an issue." *G.M. Sign*, 2011 WL 248511, at **9–10 (denying certification of TCPA claims because determining class membership would require a series of mini-trials while contrasting TCPA cases certified as class actions stating that "[t]he theme of these cases, however, is that the relevant defendant had distributed faxes in such a way that consent was not an issue"). Because Plaintiff does not allege any generalized proof to establish consent and because consent can be obtained in a multitude of ways, it is apparent that whether each putative class member consented (and in what form that consent was obtained) will

need to be assessed on a case-by-case basis. *See Shamblin v. Obama for America*, No. 8:13-cv-2428-T-33TBM, 2015 WL 1909765, at *12 (M.D. Fla. April 27, 2015) (predominance and commonality not satisfied in TCPA case because absence of class-wide proof to establish consent would require mini-trials to determine the issue of consent). The individualized inquiry necessary in this case would force this Court into a series of mini-trials prohibited by Rule 23. *See G.M. Sign*, 2011 WL 248511, at *8. As a result, Plaintiff cannot satisfy the requirements of Rule 23(b)(3).

### C. The Proposed Class Cannot Be Certified Under Rule 23(b)(2).

Plaintiff also seeks to certify a class pursuant to Rule 23(b)(2). (Compl. ¶ 23.) Rule 23(b)(2) permits class certification where "the party opposing class certification has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Class actions can be brought under Rule 23(b)(2) if the main relief sought is injunctive or declaratory, and the damages are only 'incidental.'" *Wolfkiel*, 303 F.R.D. at 293 (citing *In re Allstate Ins. Co.*, 400 F.3d 505, 507 (7th Cir. 2005)) (striking 23(b)(2) class allegations in TCPA case). Where, as here, the final relief sought relates exclusively or predominately to money damages, certification of a class under Rule 23(b)(2) is improper. *See Allstate*, 400 F.3d at 507.

Because the TCPA provides for statutory damages for violations of the Act, "an injunction is not a final remedy in cases such as this, where the injunction merely lays an evidentiary foundation for subsequent determinations of liability." *Wolfkiel*, 303 F.R.D. at 293 (citing *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 893 (7th Cir. 2011)). In this case, Plaintiff seeks money damages on behalf of herself and members of the class. (Compl. ¶¶ 22, 34, 35) (seeking statutory damages of $500–$1,500 for each call). Since the main relief

Plaintiff seeks is monetary, the proposed class cannot be certified pursuant to Rule 23(b)(2) as it does not fall under the type of class actions that the Rule allows. *See Connelly*, 294 F.R.D. at 579 ("Plaintiffs' TCPA claims are ineligible for Rule 23(b)(2) certification" because "each plaintiff is independently entitled to statutory damages under the TCPA of $500 to $1500 per unlawful call."); *Balschmiter*, 303 F.R.D. at 516 (Rule 23(b)(2) certification is impermissible in a TCPA case because such certification would allow "the monetary tail to wag the injunction dog"); *Conrad v. Gen. Motors Acceptance Corp.*, 283 F.R.D. 326, 330 (N.D. Tex. 2012) (where individual issues predominate, a proposed TCPA class lacks the cohesiveness necessary to be certified under Rule 23(b)(2)).

**V. Conclusion**

For all the foregoing reasons, Plaintiff's claims are not amenable to class treatment. Therefore, AIU respectfully requests that this Court enter an order, pursuant to Rule 23, striking the class action allegations from the Complaint and denying class certification in this matter.

Date: June 12, 2015

Respectfully submitted,

American InterContinental University, Inc., and AIU Online, LLC

By: /s/ Terance A. Gonsalves
One of Their Attorneys

Terance A. Gonsalves
Dawn M. Canty
Carrie M. Stickel
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
(312) 577-8971 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June 2015, a copy of the foregoing ***Memorandum of Law in Support of Defendants' Motion to Strike Class Action Allegations in Plaintiff's Complaint*** was filed via the Court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ Terance A. Gonsalves