## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER MARIE LEWIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15-CV-03646 |
| AMERICAN INTERCONTINENTAL UNIVERSITY, INC. a Georgia corporation, and AIU ONLINE, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | Honorable Judge Edmond E. Chang |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
### AND AFFIRMATIVE AND OTHER DEFENSES

Defendants American InterContinental University, Inc., and AIU Online, LLC (collectively, "AIU" or "Defendants"), by and through their undersigned counsel, hereby respond to the Complaint of Jennifer Marie Lewis ("Plaintiff"), as follows:

### NATURE OF THE ACTION

### Complaint Paragraph No. 1

Defendants American Intercontinental University, Inc., and AIU Online, LLC jointly operate a private, for-profit online university.

### Answer Paragraph No. 1

AIU admits that AIU Online, LLC operates a for-profit online university. AIU denies the remaining allegations of Paragraph No. 1.

### Complaint Paragraph No. 2

In an effort to solicit potential students for its online university, Defendants began making telephone calls, *en masse*, to consumers across the country.

**Answer Paragraph No. 2**

AIU admits that AIU Online, LLC has made telephone calls to consumers in the United States regarding its online university. AIU denies the remaining allegations of Paragraph No. 2.

**Complaint Paragraph No. 3**

Indeed, Defendants repeatedly made (or directed to be made on their behalf) unsolicited telephone calls to Plaintiff's and the other members of the putative Class's cellular telephones for the express purpose of promoting their private, for-profit online university, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**Answer Paragraph No. 3**

The class action allegations contained in Paragraph No. 3 are the subject of AIU's pending Motion to Strike Class Action Allegations ("Motion") filed on June 12, 2015. Accordingly, no response to the class action allegations contained in Paragraph No. 3 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 3. AIU denies the remaining allegations of Paragraph No. 3.

**Complaint Paragraph No. 4**

By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls and the monies paid to their wireless carriers for the receipt of such telephone calls.

**Answer Paragraph No. 4**

The class action allegations contained in Paragraph No. 4 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 4 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 4. AIU denies the remaining allegations of Paragraph No. 4.

**Complaint Paragraph No. 5**

The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**Answer Paragraph No. 5**

The class action allegations contained in Paragraph No. 5 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 5 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 5. AIU admits that Plaintiff filed the instant lawsuit and that Plaintiff purportedly seeks an injunction. AIU denies that it engaged in any unlawful conduct. The remaining allegations in Paragraph No. 5 are legal conclusions to which no response is required. To the extent a response is required, AIU denies these allegations.

**PARTIES**

**Complaint Paragraph No. 6**

Plaintiff Jennifer Marie Lewis is a natural person and citizen of the State of Illinois.

**Answer Paragraph No. 6**

AIU lacks sufficient knowledge or information to admit or deny the allegations of Paragraph No. 6 and therefore denies the same.

**Complaint Paragraph No. 7**

Defendant American Intercontinental University, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 231 North Martingale Road, Schaumburg, Illinois 60173. American Intercontinental University, Inc., regularly does business throughout the United States, the State of Illinois, and in this District.

**Answer Paragraph No. 7**

AIU admits the allegations of Paragraph No. 7.

**Complaint Paragraph No. 8**

Defendant AIU Online, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 231 North Martingale Road, Schaumburg, Illinois 60173. AIU Online, LLC regularly does business throughout the United States, the State of Illinois, and in this District.

**Answer Paragraph No. 8**

AIU admits the allegations of Paragraph No. 8.

**JURISDICTION AND VENUE**

**Complaint Paragraph No. 9**

The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.,* which is a federal statute.

**Answer Paragraph No. 9**

AIU admits that Plaintiff purports to bring this action under the federal TCPA and that this Court has federal question subject matter jurisdiction over this action. AIU denies the remaining allegations of Paragraph No. 9.

**Complaint Paragraph No. 10**

The Court has personal jurisdiction over Defendants because they reside in this District, conduct business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

**Answer Paragraph No. 10**

AIU admits that this Court has personal jurisdiction over it and that it resides in this District, conducts business in this District, and that the conduct alleged in the Complaint occurred in or emanated from this District. AIU denies the remaining allegations of Paragraph No. 10.

**Complaint Paragraph No. 11**

Venue is proper in this District because Defendants reside in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

**Answer Paragraph No. 11**

AIU admits that venue is proper in this District and that it resides in this district. AIU admits that the conduct alleged in the Complaint occurred in or emanated from this District. AIU denies the remaining allegations of Paragraph No. 11.

**COMMON FACTUAL ALLEGATIONS**

**The Telephone Consumer Protection Act**

**Answer To Heading**

AIU denies the allegations contained in the unnumbered headings following Paragraph No. 11.

**Complaint Paragraph No. 12**

The Telephone Consumer Protection Act was passed by the United States Congress in 1991 and is codified as 47 U.S.C. § 227. The TCPA limits the use of automatic telephone dialing systems, artificial or pre-recorded voice messages, SMS text messages, and faxes.

**Answer Paragraph No. 12**

The allegations in Paragraph No. 12 are legal conclusions to which no response is required. To the extent a response is required, AIU denies these allegations.

**Complaint Paragraph No. 13**

Specifically, with respect to calls made to cellular telephones, the TCPA prohibits the use of any automated telephone dialing system or any artificial or prerecorded voice unless the recipient expressly consents to the receipt of such calls on his/her/its cellular telephone.

**Answer Paragraph No. 13**

The allegations in Paragraph No. 13 are legal conclusions to which no response is required. To the extent a response is required, AIU denies these allegations.

**Complaint Paragraph No. 14**

According to the Federal Communications Commission—the agency tasked with promulgating the implementing regulations of the TCPA—to be considered *"express consent,"* such consent must: (i) be in writing; (ii) be signed by the person providing the consent; (iii) specify the telephone number to which the person is consenting to be called; and (iv) clearly authorize the calling party to use an automated dialing system or prerecorded voice. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* FCC Report and Order, CG Docket No. 02-278 (Feb. 15, 2012) ~ 33, Appendix A, at 34.

**Answer Paragraph No. 14**

The allegations in Paragraph No. 14 are legal conclusions to which no response is required. To the extent a response is required, AIU denies these allegations. Further, the FCC Report and Order speaks for itself and is the best evidence as to its content.

**Defendants Call Consumers Without Consent to Promote Their Online University**

**Answer to Heading**

AIU denies the allegations contained in the unnumbered heading following Paragraph No. 14.

**Complaint Paragraph No. 15**

Defendants jointly operate an online based, for-profit university that purports to offer specialized degree programs to working professionals.[1] And in an effort to promote their for-profit online university, Defendants placed (and continue to place) phone calls to consumers, *en masse*. Defendants place these calls from (309) 340-9303 and (309) 839-4094, among other phone numbers. Placing a call to either (309) 340-9303 or (309) 839-4094 will connect directly to Defendants' telemarketers.

---

[1] *Online College Degree Programs & Courses | AIU*, www.aiuniv.edu (last visited Apr. 20, 2015).

**Answer Paragraph No. 15**

AIU admits that AIU Online LLC operates an online, for-profit university that offers degree programs to working professionals. AIU admits that AIU Online LLC has made telephone calls to consumers in the United States regarding its online university. AIU admits that AIU Online LLC has placed calls from (309) 340-9303 and (309) 839-4094, among other phone numbers, and that placing a call to either (309) 340-9303 or (309) 839-4094 will connect a person directly to AIU. AIU denies the remaining allegations of Paragraph No. 15.

**Complaint Paragraph No. 16**

Unfortunately, Defendants have called consumers that never provided consent to receive calls and who do not have any relationship with Defendants. That is, consumers receiving Defendants' telemarketing calls did not provide Defendants with their phone numbers. Instead, Defendants obtained consumers' telephone numbers (*i.e.*, leads) by purchasing marketing lists.

**Answer Paragraph No. 16**

AIU denies the allegations of Paragraph No. 16.

**Complaint Paragraph No. 17**

Defendants then utilized an automatic telephone dialing system to make the calls at issue. Specifically, the hardware and software used by Defendants has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

**Answer Paragraph No. 17**

AIU admits that its telephone dialing system has the capacity to receive and store lists of telephone numbers. AIU further admits that its telephone dialing system is capable of connecting answered calls to available personnel and disconnecting other calls. AIU denies the remaining allegations of Paragraph No. 17.

**Complaint Paragraph No. 18**

Defendants knowingly made these telemarketing calls without the prior express consent of the call recipients. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA with impunity.

**Answer Paragraph No. 18**

The class action allegations contained in Paragraph No. 18 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 18 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 18. AIU denies the remaining allegations of Paragraph No. 18.

**FACTUAL BACKGROUND AS TO PLAINTIFF LEWIS**

**Answer to Heading**

AIU denies the allegations contained in the unnumbered heading following Paragraph No. 18.

**Complaint Paragraph No. 19**

Plaintiff Lewis does not have a relationship with Defendants, has never submitted her telephone number to Defendants, or requested that Defendants call her or offer her their services. Simply put, Plaintiff has never provided her prior express consent to Defendants to place calls to her cellular telephone. In addition, Plaintiff is not looking to attend any online university, nor is she in the market for a new job.

**Answer Paragraph No. 19**

AIU lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff is not looking to attend any online university and is not in the market for a new job and therefore denies the same. AIU denies the remaining allegations in Paragraph No. 19.

**Complaint Paragraph No. 20**

Yet, from April 4, 2015 to April 9, 2015, Defendants called Plaintiff's cellular telephone at least 24 times from the phone numbers (309) 340-9303 and (309) 839-4094, ostensibly to market their online university to her.

**Answer Paragraph No. 20**

AIU admits that AIU Online LLC placed telephone calls to a telephone number that purportedly belonged to Jennifer Lewis between April 4, 2015 and April 9, 2015, from the phone numbers (309) 340-9303 and (309) 839-4094. AIU denies the remaining allegations in Paragraph No. 20.

**Complaint Paragraph No. 21**

When Plaintiff answered some of the calls, the other end of the line was silent for a moment before Plaintiff heard a "beep" sound. Hearing the silence and the beep, (and because she received a large number of calls in a short time span), Plaintiff believed Defendants were calling her using an automatic telephone dialing system (*i.e.,* an ATDS).

**Answer Paragraph No. 21**

AIU lacks sufficient knowledge or information to admit or deny the allegations of Paragraph No. 21 and therefore denies the same.

**Complaint Paragraph No. 22**

On behalf of herself and a putative Class, Plaintiff seeks an injunction requiring Defendants to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**Answer Paragraph No. 22**

The class action allegations contained in Paragraph No. 22 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 22 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 22. AIU admits that Plaintiff is purportedly seeking an

injunction, together with costs and reasonable attorneys' fees. AIU denies the remaining allegations in Paragraph No. 22.

## CLASS ACTION ALLEGATIONS

### Answer to Heading

The class action allegations contained in the unnumbered heading following Paragraph No. 22 are the subject of AIU's pending Motion. Accordingly, no response to this heading is due at this time. To the extent a response is required, AIU denies the allegations contained in the unnumbered heading following Paragraph No. 22.

### Complaint Paragraph No. 23

Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States (1) who received a telephone call; (2) on a cellular telephone number; (3) made using an automatic telephone dialing system; (4) promoting Defendants' products or services; (5) for whom Defendants have no record of consent to place telemarketing calls promoting Defendants' products or services to him or her; (6) since October 16, 2013.
>
> The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Answer Paragraph No. 23

The class action allegations contained in Paragraph No. 23 are the subject of AIU's pending Motion. Accordingly, no response to Paragraph No. 23 is due at this time. To the extent a response is required, AIU denies the allegations in Paragraph No. 23.

**Complaint Paragraph No. 24**

**Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls to thousands of consumers who fall into the definitions of the Class. Members of the Class can be identified through Defendants' records.

**Answer Paragraph No. 24**

The class action allegations contained in Paragraph No. 24 are the subject of AIU's pending Motion. Accordingly, no response to Paragraph No. 24 is due at this time. To the extent a response is required, AIU denies the allegations in Paragraph No. 24.

**Complaint Paragraph No. 25**

**Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and she has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

**Answer Paragraph No. 25**

The class action allegations contained in Paragraph No. 25 are the subject of AIU's pending Motion. Accordingly, no response to Paragraph No. 25 is due at this time. To the extent a response is required, AIU denies the allegations in Paragraph No. 25.

**Complaint Paragraph No. 26**

**Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

**Answer Paragraph No. 26**

The class action allegations contained in Paragraph No. 26 are the subject of AIU's pending Motion. Accordingly, no response to Paragraph No. 26 is due at this time. To the extent a response is required, AIU denies the allegations in Paragraph No. 26.

### Complaint Paragraph No. 27

**Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.    Whether Defendants' conduct constitutes a violation of the TCPA;

    b.    Whether the equipment Defendants used to make telephone calls to members of the Class was an automatic telephone dialing system as contemplated by the TCPA;

    c.    Whether Defendants systematically made telephone calls to members of the Class who did not previously provide Defendants with their prior express consent to receive such telephone calls; and

    d.    Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

### Answer Paragraph No. 27

The class action allegations contained in Paragraph No. 27 are the subject of AIU's pending Motion. Accordingly, no response to Paragraph No. 27 is due at this time. To the extent a response is required, AIU denies the allegations in Paragraph No. 27.

### Complaint Paragraph No. 28

**Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**Answer Paragraph No. 28**

The class action allegations contained in Paragraph No. 28 are the subject of AIU's pending Motion. Accordingly, no response to Paragraph No. 28 is due at this time. To the extent a response is required, AIU denies the allegations in Paragraph No. 28.

**FIRST CAUSE OF ACTION**
**Violations Of The TCPA 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On behalf of Plaintiff and the Class)**

**Answer to Heading**

AIU denies all of the allegations contained in the unnumbered heading following Paragraph No. 28.

**Complaint Paragraph No. 29**

Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**Answer Paragraph No. 29**

AIU incorporates by reference its foregoing responses as though fully set forth herein.

**Complaint Paragraph No. 30**

Defendants and/or their agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Class without their prior express consent to receive such calls.

**Answer Paragraph No. 30**

The class action allegations contained in Paragraph No. 30 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 30 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 30. AIU denies the remaining allegations of Paragraph No. 30.

**Complaint Paragraph No. 31**

Defendants made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

**Answer Paragraph No. 31**

AIU admits that AIU Online LLC has made telephone calls using equipment that has the capacity to receive and store lists of telephone numbers. AIU denies the remaining allegations of Paragraph No. 31.

**Complaint Paragraph No. 32**

Defendants and/or their agents utilized equipment that made, or had made on their behalf, the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendants dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

**Answer Paragraph No. 32**

The class action allegations contained in Paragraph No. 32 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 32 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 32. AIU admits that the telephone dialing equipment used to call Plaintiff between April 4, 2015 to April 9, 2015, dialed her telephone number from a list of telephone numbers. AIU denies the remaining allegations of Paragraph No. 32.

**Complaint Paragraph No. 33**

By making, or having made on their behalf, the unsolicited telephone calls to Plaintiff's and the Class members' cellular telephones without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Answer Paragraph No. 33**

The class action allegations contained in Paragraph No. 33 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 33 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 33. AIU denies the remaining allegations of Paragraph No. 33.

**Complaint Paragraph No. 34**

As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under 47 U.S.C. § 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

**Answer Paragraph No. 34**

The class action allegations contained in Paragraph No. 34 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 34 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 34. AIU denies the remaining allegations of Paragraph No. 34.

**Complaint Paragraph No. 35**

Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**Answer Paragraph No. 35**

The class action allegations contained in Paragraph No. 35 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in Paragraph No. 35 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in Paragraph No. 35. The remaining allegations contained in Paragraph

No. 35 are legal conclusions to which no response is required. To the extent a response is required, AIU denies the allegations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Marie Lewis, individually and on behalf of the Class, prays for the following relief:
1. An order certifying the Class as defined above, appointing Plaintiff Jennifer Marie Lewis as the representative of the Class as stated above, and appointing her counsel as Class Counsel;
2. An award of actual and statutory damages;
3. An injunction requiring Defendants to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;
4. An award of reasonable attorneys' fees and costs; and
5. Such other and further relief that the Court deems reasonable and just.

### Answer To Prayer For Relief

The class action allegations contained in the unnumbered paragraph following Paragraph No. 35 are the subject of AIU's pending Motion. Accordingly, no response to the class action allegations contained in the unnumbered paragraph following Paragraph No. 35 is due at this time. To the extent a response is required, AIU denies the class action allegations contained in the unnumbered paragraph following Paragraph No. 35. AIU denies all of the remaining allegations contained in the unnumbered paragraph following Paragraph No. 35. AIU further denies that it is liable to Plaintiff or the putative Class in any amount or manner whatsoever and denies that Plaintiff and the putative Class are entitled to any relief in this action.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**Second Defense**

Plaintiff lacks standing to assert the claims for relief purportedly alleged in the Complaint.

**Third Defense**

AIU alleges that its actions, conduct, and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions and conduct were carried out in good faith and for legitimate business purposes.

**Fourth Defense**

The claims of Plaintiff against AIU are barred because Plaintiff expressly or impliedly consented to the conduct complained of in the Complaint.

**Additional Affirmative and Other Defenses**

AIU reserves the right to assert and rely upon additional separate defenses that become available or apparent through discovery, developments of the case, or otherwise. AIU expressly reserves the right to amend its Answer to the Complaint to assert all such separate defenses.

WHEREFORE, AIU respectfully requests that:

1. Plaintiff be denied any relief;

2. the Complaint be dismissed with prejudice;

3. judgment be entered in favor of AIU as to all counts of the Complaint;

4. AIU be awarded its attorneys' fees and costs; and

5. AIU be granted such other and further relief as the Court deems just and proper.

Date: June 12, 2015                                              Respectfully submitted,

                                                                                          American InterContinental University, Inc.,
                                                                                          and AIU Online, LLC

                                             By:  /s/ Terance A. Gonsalves
                                                                                             One of Their Attorneys

Terance A. Gonsalves
Dawn M. Canty
Carrie M. Stickel
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200
(312) 577-8971 (Fax)

18

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June 2015, a copy of the foregoing *Defendants' Answer to Plaintiff's Complaint and Affirmative and Other Defenses* was filed via the Court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

                                                                /s/ Terance A. Gonsalves